**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICK PLUMLEY, | ) Case No. |
| Plaintiff, | ) |
| v. | ) **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| SEASPINE HOLDINGS CORPORATION, KIRTLEY C. STEPHENSON, STUART M. ESSIG, KEITH BRADLEY, MICHAEL FEKETE, RENEE GAETA, JOHN B. HENNEMAN, III, SHWETA SINGH MANIAR, ANGELA STEINWAY, and KEITH C. VALENTINE, | ) **JURY TRIAL DEMANDED** |
| Defendants. | ) |

Plaintiff Patrick Plumley ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against SeaSpine Holdings, Inc. ("SeaSpine" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed merger of SeaSpine with Orthofix Medical Inc. ("Orthofix").[1]

2. On October 10, 2022, the Company entered into an Agreement and Plan of

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

Merger (the "Merger Agreement") with Orthofix and Orca Merger Sub Inc. ("Merger Sub"). The Merger Agreement provides that SeaSpine stockholders will receive 0.4163 shares of Orthofix common stock for each SeaSpine common share.[2]

3. The Company's corporate directors subsequently authorized the November 23, 2022, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote their shares in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote on the Proposed Transaction, so that they can properly exercise their rights, among other things.[3]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

**JURISDICTION AND VENUE**

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] Upon closing of the Proposed Transaction, SeaSpine stockholders will own approximately 43.5%, and Orthofix stockholders will own approximately 56.5% of the combined company.

[3] The stockholder vote on the Proposed Transaction currently is scheduled for January 4, 2023.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, the owner of SEASPINE common stock.

10.     Defendant SeaSpine is a Delaware corporation with its principal executive offices located at 5770 Armada Drive, Carlsbad, California 92008. SeaSpine's shares trade on the Nasdaq Global Select Market under the ticker symbol "SPNE." SeaSpine is a global medical technology company focused on the design, development and commercialization of surgical solutions for the treatment of patients suffering from spinal disorders. SeaSpine reports revenue in two product categories: (a) orthobiologics and (b) spinal implants and enabling technologies. SeaSpine's orthobiologics products consist of a broad range of advanced and traditional bone graft substitutes designed to improve bone fusion rates following a wide range of orthopedic surgeries, including spine, hip, and extremities procedures. SeaSpine's spinal implants and enabling technologies portfolio consists of an extensive line of products and

3

image-guided surgical solutions to facilitate spinal fusion in degenerative, minimally invasive surgery, and complex spinal deformity procedures.

11. Defendant Kirtley C. Stephenson is and has been nonexecutive Chairman of the Board and a director of the Company at all times relevant hereto.

12. Defendant Stuart M. Essig is and has been Lead Independent Director and a director of the Company at all times relevant hereto.

13. Defendant Keith Bradley is and has been a director of the Company at all times relevant hereto.

14. Defendant Michael Fekete is and has been a director of the Company at all times relevant hereto.

15. Defendant Renee Gaeta is and has been a director of the Company at all times relevant hereto.

16. Defendant John B. Henneman, III is and has been a director of the Company at all times relevant hereto.

17. Defendant Shweta Singh Maniar is and has been a director of the Company at all times relevant hereto.

18. Defendant Angela Steinway is and has been a director of the Company at all times relevant hereto.

19. Defendant Keith C. Valentine has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

20. Defendants identified in paragraphs 11-19 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

21. On October 11, 2022, Orthofix and the Company jointly announced in relevant part:

> LEWISVILLE, Texas & CARLSBAD, Calif.—(BUSINESS WIRE)—Oct. 11, 2022—Orthofix (NASDAQ: OFIX), a global medical device company with a spine and orthopedics focus, and SeaSpine (NASDAQ: SPNE), a global medical technology company focused on surgical solutions for the treatment of spinal disorders, today announced they have entered into a definitive agreement to combine in an all-stock merger of equals.
>
> The combined company, to be named prior to the transaction's closing, will be a leading global spine and orthopedics company with highly complementary portfolios of biologics, innovative spinal hardware, bone growth therapies, specialized orthopedic solutions and a leading surgical navigation system. With products distributed in 68 countries world-wide, approximately 1,600 employees and a global R&D and manufacturing footprint, the new company would have revenues of approximately $693 million as of the twelve months ended September 30, 2022.
>
> Under the terms of the agreement, which was unanimously approved by the Boards of Directors of both companies, SeaSpine shareholders will receive 0.4163 shares of Orthofix common stock for each share of SeaSpine common stock owned. Following the close of the transaction, Orthofix shareholders will own approximately 56.5 percent of the combined company, and SeaSpine shareholders will own approximately 43.5 percent of the combined company, respectively, on a fully diluted basis.
>
> "This transaction significantly advances our mission to deliver innovative, quality-driven solutions that make us a partner of choice for surgeons in their work to improve patient mobility," said Jon Serbousek, Orthofix President and Chief Executive Officer. "The combined company's broad portfolio of technology, expanded commercial capabilities and ability to make greater investments in innovative solutions provide a clear roadmap for sustainable, top-tier growth and increased competitiveness across a broad spectrum of products and services. We look forward to capitalizing on this merger's tremendous value creation opportunities."
>
> Keith Valentine, SeaSpine President and Chief Executive Officer, said, "This transaction brings together two complementary organizations to create an industry leader with the immediate financial strength to self-fund investments

that deliver both growth and better patient outcomes. We are excited about the value we can create for the combined company's shareholders, the new opportunities opened for employees and our ability to now provide surgeons and hospital partners a complete procedural solution using cutting-edge technology at every level."

\* \* \*

**Leadership and Headquarters**

The combined company will be led by an experienced Board of Directors and leadership team that leverages the talent within both organizations.

Upon closing of the transaction, the combined company's Board of Directors will consist of nine directors, with five designated by Orthofix, including Lead Independent Director, and four designated by SeaSpine.

Jon Serbousek will serve as Executive Chairman of the Board, and Keith Valentine will serve as President and Chief Executive Officer and member of the Board. The remainder of the combined company's Board and leadership team will be named prior to closing and is expected to include representatives from both Orthofix and SeaSpine.

The combined company will be headquartered in Lewisville, Texas. This location will conduct general business, product development, medical education and manufacturing. The Company will retain primary offices in Carlsbad, CA, with a focus on spinal product innovation and surgeon education, and in Verona, Italy with an emphasis on product innovation, production, and medical education for Orthopedics. Current facilities in Irvine, CA, Toronto, Canada, Sunnyvale, CA, Wayne, PA, Olive Branch, MS, Maidenhead UK, Munich, Germany, Paris, France and Sao Paulo, Brazil will also be retained.

**Timing and Approvals**

The transaction is expected to close in the first quarter of 2023, subject to approval by both companies' shareholders and customary closing conditions and regulatory approvals.

**Advisors**

Perella Weinberg Partners LP is serving as financial advisor to Orthofix, and Hogan Lovells US LLP is serving as its legal counsel. Piper Sandler & Co. is serving as financial advisor to SeaSpine, and DLA Piper LLP is serving as its legal counsel.

**The Materially Incomplete and Misleading Proxy Statement**

22. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on November 23, 2022. The Proxy Statement, which recommends that SeaSpine stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial projections for SeaSpine, Orthofix and the combined company; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisor Piper Sandler & Co. ("Piper"); and (c) potential conflicts of interest faced by Piper.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

23. The Proxy Statement fails to disclose material information concerning the financial projections for the Company, Orthofix and the combined company.

24. For example, the Proxy Statement describes the projections for SeaSpine as "risk-adjusted." Proxy Statement at 109. Yet, the Proxy Statement fails to disclose a summary of the risk adjustments made to SeaSpine's projections as well as a quantification of the risk adjustments.

25. In addition, the Proxy Statement sets forth that in connection with rendering its fairness opinion, Piper:

- reviewed and analyzed certain information, including financial forecasts, relating to the business, earnings, cash flow, assets, liabilities and prospects of SeaSpine (***including current net operating losses ("NOLs")*** available to SeaSpine), as described in the section entitled "Certain Unaudited Prospective Financial Information — Certain SeaSpine Unaudited Prospective Financial Information," and Orthofix, as described in the section entitled "Certain Unaudited Prospective

7

> Financial Information — Certain Orthofix Unaudited Prospective Financial Information," that were publicly available, as well as those that were furnished to Piper Sandler by SeaSpine and Orthofix, respectively, **which included financial forecasts related to the combined company**, including the analyses and forecasts of certain cost savings, operating efficiencies, strategic benefits and other synergies expected by managements of SeaSpine and Orthofix to result from the merger, including the ability of the combined company to use such NOLs and the costs expected to realize such synergies (collectively, the "Synergies")[.]

*Id.* at 92 (emphasis added). The Proxy Statement, however, fails to disclose: (a) the NOLs available to SeaSpine; and (b) the financial forecasts related to the combined company, including the "projected unlevered after-tax free cash flows from July 1, 2022 to December 31, 2031" of the combined company relied upon by Piper for its *Has/Gets Analysis*. *Id*. at 102.

26. Moreover, the Proxy Statement fails to disclose Orthofix's unlevered after-tax free cash flows from July 1, 2022 to December 31, 2031 utilized by Piper for its *Discounted Cash Flows Analysis—Orthofix Standalone*, and the underlying line items. *Compare id.* at 101 ("Using a discounted cash flows analysis, Piper Sandler calculated an estimated range of theoretical enterprise values for Orthofix based on the net present value of (a) projected *unlevered* after-tax free cash flows from July 1, 2022 to December 31, 2031") (emphasis added) *with id.* at 106 (disclosing Orthofix's Free Cash Flows over the projection period).

27. Additionally, the Proxy Statement fails to disclose the line items underlying the Company's and Orthofix's respective: (a) Adjusted Gross Profit; (b) Adjusted EBITDA; (c) Free Cash Flow, in the case of Orthofix; and (d) Unlevered Free Cash Flow, in the case of SeaSpine.

*Material Misrepresentations and/or Omissions Concerning Piper's Financial Analysis*

28. The Proxy Statement fails to disclose material information concerning Piper's financial analyses.

8

29. With respect to Piper's *Discounted Cash Flows Analysis—SeaSpine Standalone*, the Proxy Statement fails to disclose: (a) the estimated NOL generation and usage over the period from July 1, 2022 to December 31, 2031 reflected in the unlevered after-tax free cash flows of SeaSpine; (b) the projected terminal value of the Company; and (c) the diluted share information for SeaSpine.

30. With respect to Piper's *Discounted Cash Flows Analysis—Orthofix Standalone*, in addition to Orthofix's unlevered after-tax free cash flows, the Proxy Statement fails to disclose: (a) the estimated NOL generation and usage over the period from July 1, 2022 to December 31, 2031 reflected in the unlevered after tax free cash flows of Orthofix; (b) the projected terminal value of Orthofix; and (c) the diluted share information for Orthofix.

31. With respect to Piper's *Has/Gets Analysis*, in addition to the unlevered free cash flows of the combined company, the Proxy Statement fails to disclose: (a) the projected terminal value of the combined company; and (b) the diluted share information for the combined company.

32. With respect to Piper's *Selected Comparable Companies Analysis—SeaSpine Standalone* and *Selected Comparable Companies Analysis—Orthofix Standalone*, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the selected companies analyzed.

***Material Misrepresentations and/or Omissions Concerning Piper's Potential Conflicts of Interest***

33. The Proxy Statement fails to disclose material information concerning Piper's potential conflicts of interest, including the amount of Piper's compensation that is contingent upon closing of the Proposed Transaction.

34. Moreover, the Proxy Statement fails to disclose the details of any services Piper or its affiliates have provided to Orthofix or its affiliates in the two years prior to the delivery of its fairness opinion, and any compensation Piper or its affiliates have received for such services provided.

35. The omission of the above-referenced information renders statements in the "Certain Unaudited Prospective Financial Information" and "Opinion of SeaSpine's Financial Advisor" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the vote on the Proposed Transaction, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and SeaSpine**

36. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

37. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. SeaSpine is liable as the issuer of these statements.

38. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

39. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

40. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

41. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

42. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

43. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

44. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

45. The Individual Defendants acted as controlling persons of SeaSpine within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as

officers and/or directors of SeaSpine and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

46. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

47. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

48. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in her favor on behalf of SeaSpine, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the Proxy Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Proxy Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  December 13, 2022 **LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*